# **<u>EXHIBIT 1</u>**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STARR SURPLUS LINES INSURANCE COMPANY, NATIONAL FIRE &
MARINE INSURNACE COMPANY, GEMINI INSURANCE COMPANY, and
DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
APPLE INC.

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| E-FILED |
| 5/21/2024 3:20 PM |
| Clerk of Court |
| Superior Court of CA, |
| County of Santa Clara |
| 24CV439526 |
| Reviewed By: L. Ayala |
| Envelope: 15402693 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Santa Clara<br>Old Courthouse<br>161 N. First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):* 24CV439526 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Pillsbury Winthrop Shaw Pittman LLP, Robert L. Wallan
725 S. Figueroa Street, 36th Floor, Los Angeles, CA 90017
(213) 488-7100

| DATE: May 20, 2024 | Clerk, by | L. Ayala | , Deputy |
|---|---|---|---|
| *(Fecha)* 5/21/2024 3:20 PM   Clerk of Court | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   **GEMINI INSURANCE COMPANY** Type text here
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

E-FILED
5/21/2024 3:20 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV439526
Reviewed By: L. Ayala

PILLSBURY WINTHROP SHAW PITTMAN LLP
ROBERT L. WALLAN (126480)
robert.wallan@pillsburylaw.com
LISSETH OCHOA-CHAVARRIA (317130)
lisseth.ochoachavarria@pillsburylaw.com
725 South Figueroa Street, Suite 3600
Los Angeles, CA 90017-5524
Telephone:     213.488.7100
Facsimile:      213.629.1033

COLIN T. KEMP (215408)
colin.kemp@pillsburylaw.com
OLIVIA WILLIAMS (341493)
olivia.williams@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:     415.983.1000
Facsimile:      415.983.1200

Attorneys for Plaintiff
APPLE INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| APPLE INC.,<br><br>                              Plaintiff,<br><br>        vs.<br><br>STARR SURPLUS LINES INSURANCE COMPANY; NATIONAL FIRE & MARINE INSURANCE COMPANY; GEMINI INSURANCE COMPANY; and DOES 1 through 25, inclusive,<br>                              Defendants. | Case No.   24CV439526<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>(1)  BREACH OF CONTRACT;<br>(2)  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>(3)  DECLARATORY RELIEF.<br><br>JURY TRIAL DEMANDED |

COMPLAINT

## COMPLAINT

Plaintiff Apple Inc. ("Apple") hereby brings this action against its excess insurers Defendants Starr Surplus Lines Insurance Company ("Starr"), National Fire & Marine Insurance Company ("National"), Gemini Insurance Company ("Gemini") (collectively, "Defendants"), and Does 1-25. Apple alleges, on knowledge as to its own actions and otherwise upon information and belief, as follows:

## NATURE OF THIS ACTION

1.      Apple brings this action against Defendants, who are certain of Apple's excess insurers, because Defendants have wrongfully and tortiously denied their duties to indemnify Apple for covered losses incurred in litigation arising from a tragic and significant public event that resulted in loss of life and bodily injuries. The underlying multiparty litigation has settled in part but remains pending with Apple as one of several defendants. While two of Apple's lower-level excess and umbrella insurers agreed to provide indemnity, the Defendants here refused to honor their contractual and good-faith obligations to protect Apple, instead advocating a course of action that would put Apple at risk of excess judgments.

## THE PARTIES

2.      Apple is, and at all times relevant hereto was, a California corporation with its principal place of business in Cupertino, California.

3.      Apple is informed and believes that Starr is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in New York, New York.  At all relevant times hereto, Starr was and is a member of the California Department of Insurance List of Approved Surplus Lines Insurers ("LASLI") and thereby authorized to issue insurance policies covering risks in the State of California, and Starr was qualified to do business, and was doing and transacting business, in the State of California.

4.      Apple is informed and believes that National is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska.  At all relevant times hereto, National was and is a member of the LASLI and thereby authorized to issue

1  insurance policies covering risks in the State of California, and National was qualified to do business,
2  and was doing and transacting business, in the State of California.

3       5.    Defendant Gemini is a corporation organized and existing under the laws of the State
4  of Delaware, with its principal place of business in Greenwich, Connecticut. At all relevant times
5  hereto, Gemini was and is a member of LASLI and thereby authorized to issue insurance policies
6  covering risks in the State of California, and Gemini was qualified to do business, and was doing and
7  transacting business, in the State of California.

8       6.    The true names or capacities, whether individual, corporate, associate, or otherwise, of
9  Does 1-25 inclusive and each of them, are unknown to Apple at this time. Apple therefore sues
10  Defendants Does 1-25 by such fictitious names. Apple will amend its pleadings to reflect the true
11  names and capacities of said Does 1-25 when Apple ascertains that information.

12  **JURISDICTION AND VENUE**

13       7.    Jurisdiction and venue is proper in Santa Clara County, California because Apple is
14  headquartered in Cupertino, California, and each defendant was regularly doing business in California.
15  Each of the insurance policies at issue in this litigation was issued in California and negotiated and
16  delivered to Apple in California. National caused its policy to be delivered via its affiliate Berkshire
17  Hathaway Global Insurance Services, LLC from Los Angeles, California. The claims at issue in this
18  litigation arise under California statutory and common law. Moreover, under the service of suit
19  endorsement in the Gemini excess insurance policy discussed below, Gemini may be sued upon any
20  cause of action arising in the State of California.

21  **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

22  **A.**    **Apple's Insurance Program.**

23       8.    In 2021, Apple purchased a tower of commercial general liability insurance that
24  provides Apple with insurance coverage for, among other things, lawsuits against Apple seeking
25  damages for bodily injuries during the period of October 1, 2021 to October 1, 2022.

26       9.    Apple's liability insurance program is comprised of a tower of insurers, each issuing
27  their own layer of insurance up to certain limits of liability.

28       10.    Starr issued an excess liability insurance policy to Apple under Policy

Number 1000041126211, for the policy period of October 1, 2021 through October 1, 2022 (the "Starr Policy").

11.     The Starr Policy contains the following coverage provision:

**COVERAGE** - The Company hereby agrees, subject to the terms, definitions, exclusions and conditions contained in this Policy, to pay those sums which the Insured shall be legally obligated to pay as damages by reason of the liability covered by and as more fully defined in the Lead Underlying Policy (as stated in Item 2. a) of the Declarations and hereinafter referred to as 'Lead Underlying Policy'); provided always however, that this Policy shall not apply until the Insured and/or the Underlying Insurers (as stated in Items 2. c) and 2. d) of the Declarations and hereinafter referred to as 'Underlying Insurers') have paid or have been held liable to pay the full amount of the Underlying Limits for damages covered by the Lead Underlying Policy in accordance with Insuring Agreement 2.

12.     Starr also issued a higher-level liability excess insurance policy to Apple under Policy Number 100040406211 for the same policy period on materially the same terms.

13.     National issued an excess liability insurance policy to Apple under Policy Number 42-XSF-301834-07 for the policy period of October 1, 2021 through October 1, 2022 (the "National Policy").

14.     The National Policy contains the following coverage provision:

**COVERAGE** - The Company hereby agrees, subject to the terms, definitions, exclusions and conditions contained in this Policy, to pay those sums which the Insured shall be legally obligated to pay as damages by reason of the liability covered by and as more fully defined in the Lead Underlying Policy (as stated in Item 2. a) of the Declarations and hereinafter referred to as 'Lead Underlying Policy'); provided always however, that this Policy shall not apply until the Insured and/or the Underlying Insurers (as stated in Items 2. c) and 2. d) of the Declarations and hereinafter referred to as 'Underlying Insurers') have paid or have been held liable to pay the full amount of the Underlying Limits for damages covered by the Lead Underlying Policy in accordance with Insuring Agreement 2.

15.     Gemini issued an excess liability insurance policy to Apple under Policy Number CEX09603878-02 for the policy period of October 1, 2021 through October 1, 2022 (the "Gemini Policy," together with the Starr Policy and National Policy, the "Excess Policies").

16.     The Gemini Policy contains the following coverage provision:

**COVERAGE** - The Company hereby agrees, subject to the terms, definitions, exclusions and conditions contained in this Policy, to pay those sums which the

4

Insured shall be legally obligated to pay as damages by reason of the liability covered by and as more fully defined in the Lead Underlying Policy (as stated in Item 2. a) of the Declarations and hereinafter referred to as 'Lead Underlying Policy'); provided always however, that this Policy shall not apply until the Insured and/or the Underlying Insurers (as stated in Items 2. c) and 2. d) of the Declarations and hereinafter referred to as 'Underlying Insurers') have paid or have been held liable to pay the full amount of the Underlying Limits for damages covered by the Lead Underlying Policy in accordance with Insuring Agreement 2.

17.     The Lead Underlying Policy issued to Apple is Great American Security Insurance Company Policy No. UMB4033482 (the "Great American Policy").

18.     The Great American Policy provides umbrella liability coverage for a variety of liability risks, including bodily injury claims.  The Great American Policy provides in relevant part that:

> [The Insurers] will pay on behalf of the 'Insured' those sums in excess of the 'retained limit' that the 'Insured' becomes legally obligated to pay as damages, by reason of liability imposed by law . . . because of: 'bodily injury' or 'property damage' that takes place . . . during the Policy Period and caused by an 'occurrence' happening anywhere.

**B.     The Underlying Litigation and Settlements.**

19.     In November 2021, during the policy period described above, Apple was named as a defendant in many lawsuits alleging bodily injury arising out of a large public event where there was tragic loss of life or injury to multiple individuals in attendance. The lawsuits were consolidated (the "Underlying Litigation").

20.     On December 2, 2021, Apple timely put its insurers, including Defendants, on notice and thereafter demanded all available policy benefits, including indemnification for the Underlying Litigation.

21.     The lawsuits consolidated in the Underlying Litigation were not set for trial all at once, but instead different individual plaintiffs were scheduled for trial while other trial dates remain to be set.

22.     Under its insurance program, Apple was initially responsible for conducting the defense of the cases in the Underlying Litigation, and it engaged preeminent counsel to represent it. Throughout the Underlying Litigation, Apple kept the Defendants appropriately and timely apprised

1    of developments. Initially this involved quarterly meetings, but the frequency increased as some of the
2    trials neared, going from monthly meetings to weekly and more often. At all times Apple fully
3    complied with its obligations under the insurance policies.

4        23.    Settlements of individual claims were concluded over time in the Underlying
5    Litigation. In April 2024, Apple began settlement discussions in the face of trial where the potential
6    exposure exceeded its primary and self-insured limits. Despite having notice of the Underlying
7    Litigation for more than two years, Defendants resisted complying with their policy obligations on
8    pretextual bases, including that they did not have enough time to evaluate the litigation, that they could
9    not find coverage counsel, and other such arguments confirming that they had not conducted a prompt
10   or thorough investigation of the claims in the Underlying Litigation.

11       24.    All of Apple's insurers, including Defendants, acknowledged or admitted that the
12   underlying wrongful death and personal injury claims fall squarely within coverage under the general
13   liability insurance policies within Apple's tower of insurance.

14       25.    On April 25, 2024, one of Apple's underlying insurers (in the layer immediately below
15   the Starr Policy) committed in writing to continue participating in ongoing settlement discussions and
16   contribute up to its policy limits. Thereafter, on information and belief, an authorized representative
17   of Starr intentionally influenced and coerced at least one underlying insurer to reverse course in the
18   face of a settlement demand and refuse to contribute any meaningful amount towards a settlement,
19   resulting in the loss of a settlement opportunity. Indeed, Apple is informed and believes that certain
20   insurers have acknowledged that they refused to contribute towards a settlement because of Starr's
21   influence. As a result of this unreasonable conduct and coercion, Apple lost valuable time in being
22   able to reach a settlement and Apple's defense counsel continued to prepare for trial at Apple's
23   expense.

24       26.    On May 2, 2024, Apple received a settlement demand that fell within the limits of
25   Apple's available insurance. In evaluating that demand, Apple and its insurers needed to consider
26   several factors, including the costs of litigation, the unpredictability of jury trials, and the history of
27   plaintiffs' counsel obtaining very large verdicts among other material considerations. In light of all of
28   these considerations, including its effort to avoid an even more costly result, Apple concluded it was

1 | in its best interests to settle.

2     27.    Apple did not reach this conclusion on its own. Claims professionals from insurance
3 | companies other than Defendants recognized the settlement value of the case. Apple sought coverage
4 | from Defendants for the settlement, but again, Defendants unreasonably refused to accept Apple's
5 | demand to settle. On information and belief, Starr again unreasonably attempted to coerce Apple's
6 | underlying insurers not to exhaust their underlying policy limits, which would then trigger Starr's
7 | layer. Apple is informed and believes that Defendants' refusal to settle resulted in a material increase
8 | in the cost of settlement.

9     28.    By May 5, 2024, Apple's underlying insurers agreed to contribute to fund the
10 | settlement demand, apparently concluding that the settlement was reasonable considering the risks
11 | identified. Despite the underlying insurers' agreement to fund the settlement, Defendants repeatedly
12 | and unreasonably refused. In doing so, Defendants sought a path by which Apple would gamble for
13 | the sole benefit of Defendants while forcing Apple and its higher-level insurers to fully bear the risk
14 | of an unfavorable result. Defendants took this course of action knowing that the risk of an above-limits
15 | result was material.

16     29.    On May 7, 2024, because Defendants unreasonably refused to contribute to the
17 | settlement, Apple was forced to fund the Defendants' portion of the settlement sum due to their
18 | breaches of their duties to Apple. In agreeing to that settlement, Apple obtained from Defendants an
19 | agreement to waive all defenses that Apple had not obtained their consent to settle. This agreement
20 | with Defendants preserved all of Apple's coverage claims, requiring Apple to fund much of the
21 | settlement until it recovers from Defendants in this litigation.

22     30.    Based on the plethora of information known to Apple's insurers, a reasonable insurer
23 | in Defendants' position that was acting in good faith would have agreed to fund its share of the
24 | settlement. Several of Apple's excess insurers declared that the settlement demand was reasonable
25 | and, on information and belief, demanded Apple's insurers, including Defendants, to accept and pay
26 | the demand.

27     31.    Moreover, representatives for Gemini told all of Apple's insurers in substance that the
28 | proposed settlement reasonably fell within the layers of Starr's and National's policy limits.

32. Nevertheless, Defendants unreasonably refused to consent to the settlement or contribute any portion of their limits of insurance toward payment of the settlement. For its part, even though Starr attached as the next layer after the consenting settling insurers, it refused to contribute a penny to the settlement, in substance and effect contending there was zero material risk of a result that would exceed the lower layers.

33. Defendants refused, wrongly, unreasonably, and without justification, to indemnify Apple for their share of the settlement.

34. All conditions precedent to coverage have been satisfied or waived.

35. No exclusions, conditions, or other provisions in the Excess Policies excuse Defendants' non-performance.

36. Defendants' unreasonable refusal to consent to the settlement was arbitrary and not based on any honest disagreement or innocent mistake.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (Against all Defendants)

37. Apple incorporates by reference the allegations in Paragraphs 8 through 36.

38. The Excess Policies constitute valid and enforceable contracts of insurance between Apple and Defendants. As a result of the underlying lawsuits filed against Apple that were part of the settlement, each of which are covered under the Excess Policies, their terms have been triggered to obligate Defendants to provide coverage to Apple for that settlement. As an implied contractual obligation under California law, each of the Excess Policies contained an obligation that the issuing insurer would accept and fund settlements that fell within the range of reasonableness considering at least the many objective factors described above.

39. Apple has timely satisfied all obligations and complied with all conditions applicable under the Excess Policies, including providing notice of its claims to Defendants and exhaustion of all underlying policies.

40. Defendants have refused to honor their express contractual and implied good-faith commitments and have unreasonably rejected their duty to indemnify Apple for the settlement.

8

1   41.   No exclusions, conditions, or other provisions in Defendants' Excess Policies excuse

2   Defendants' non-performance.

3   42.   Apple has not otherwise excused Defendants' non-performance.

4   43.   As such, Defendants have materially breached their obligations under the Excess

5   Policies by unreasonably refusing to indemnify Apple for the settlement.

6   44.   Apple has suffered and continues to suffer damages as a direct and proximate result of

7   the Defendants' breach of their obligations under the Excess Policies in excess of the jurisdictional

8   minimum of this Court, with the exact amount to be proven at trial. Apple reserves the right to conform

9   its claim for damages consistent with proof at trial.

10   **SECOND CAUSE OF ACTION**

11   **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

12   **(Against all Defendants)**

13   45.   Apple incorporates by reference the allegations in Paragraphs 8 through 44.

14   46.   Each of the Excess Policies contains an implied covenant of good faith and fair dealing

15   that Defendants will not do anything which will injure the right of an insured to receive the benefits

16   of said policies.

17   47.   Defendants were (and are) obligated to properly investigate and handle Apple's claim

18   for coverage in connection with the underlying litigation pursuant to the terms of the Excess Policies,

19   but Defendants have unreasonably refused to honor their commitments to do so. As alleged above,

20   Defendants had more than two years to investigate the claims in the Underlying Litigation, yet objected

21   to the settlement in part based on their lack of having conducted a thorough investigation.

22   48.   Defendants, and each of them, breached their duties of good faith and fair dealing owed

23   to Apple under the Excess Policies in the following respects, among others:

24

25   a.   Failing to exercise their independent duty to properly investigate the facts related to the claims asserted against Apple in the Underlying Litigation, or to evaluate those facts properly to come to a reasonable and justifiable coverage determination;

26

27   b.   Deliberately neglecting to inquire fully into possible bases that might support coverage for the Underlying Litigation, including valuing the settlement on the

28

9

basis of an optimistic trial result instead of considering the realistic chances of an unfavorable result;

    c.    Ignoring relevant evidence available and jury verdict results, as well as relevant case law, supporting Apple's claims for coverage, including indemnity for the Underlying Litigation;

    d.    Asserting grounds to avoid coverage that Defendants knew are not supported by, and are contrary to, the terms of the Excess Policies, the law, insurance industry custom and practices, and the facts;

    e.    Maliciously and oppressively seeking to rely on limiting language in the Excess Policies that applies only when Defendants have satisfied their contractual obligations, and not breached their obligations under the Excess Policies with respect to coverage for the Underlying Litigation. Specifically, Defendants objected to fund the settlement on the basis that the underlying coverage had not been exhausted, when they fully knew that the settlement necessarily involved multiple layers of coverage;

    f.    Deceptively or deliberately misrepresenting policy terms or law to avoid indemnifying Apple for the Underlying Litigation;

    g.    Engaging in a pattern and practice of misconstruing the Excess Policies' provisions or California law to diminish its coverage obligations to Apple;

    h.    By giving greater consideration to Defendants' own interests than to Apple's interests; or

    i.    By otherwise acting as alleged above.

49.    As a direct and proximate result of the Defendants' breach of the implied covenant of good faith and fair dealing, Apple has suffered actual and consequential damages and out-of-pocket expenses in a total amount to be shown by proof at time of trial.

50.    In breaching the implied covenant of good faith and fair dealing, Defendants acted in a manner knowingly harmful to and/or in conscious disregard of the rights of Apple reflecting malice and/or oppression as defined in California Civil Code section 3294, with the intention of benefitting themselves financially and with the intention of causing, or recklessly disregarding the probability of causing, injury to Apple.

51.    In so acting, Defendants acted with a willful and conscious disregard of Apple's rights and the consequences of those actions on Apple, and with the deliberate intent to vex, injure, and

1   annoy Apple to deprive it of its rights under Defendants' Excess Policies and advance their own

2   pecuniary interests. Such conduct warrants the imposition of punitive and exemplary damages in an

3   amount sufficient to punish Defendants for such conduct.

4       52.    Pursuant to the holding in *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Apple is

5   entitled to recover any attorneys' fees that it reasonably incurs in its efforts to obtain policy benefits

6   that have been wrongfully and in bad faith withheld by Defendants, which continue to accrue.

7   **THIRD CAUSE OF ACTION**

8   **(Declaratory Judgment)**

9   **(Against all Defendants)**

10       53.    Apple incorporates by reference the allegations in Paragraphs 8 through 52.

11       54.    Defendants' Excess Policies constitute valid and enforceable contracts of insurance

12   between Apple and Defendants.

13       55.    Apple has timely satisfied all obligations and complied with all conditions applicable

14   under Defendants' Excess Policies, including providing notice of its claims and exhaustion of all

15   underlying policies.

16       56.    An actual and justiciable controversy presently exists between Apple and Defendants

17   regarding their respective rights and obligations, and the availability of coverage, under Defendants'

18   Excess Policies for both the settlement and the remaining cases pending in the Underlying Litigation.

19       57.    Given that the parties have an actual and justiciable controversy regarding their

20   respective rights and obligations under Defendants' Excess Policies for the Underlying Litigation, a

21   declaratory judgment of the parties' respective rights and obligations under Defendants' Excess

22   Policies is necessary.

23       58.    Apple therefore seeks a declaratory judgment in favor of Apple and against Defendants

24   that:

25       a.    Defendants have an obligation to fund the settlement and future, reasonable
    settlements within their policy limits;

26

27       b.    Defendants have wrongfully and unreasonably refused, failed, or disclaimed
    their responsibility to accept the settlement demand for the settlement; and

28

11
COMPLAINT

c.  Apple is entitled to any other declaratory relief that the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Apple respectfully requests the entry of a judgment in its favor and against Defendants on all causes of action in this Complaint, and prays for relief as follows:

1.  That the Court enter judgment in favor of Apple on all Causes of Action;

2.  That Apple recover from Defendants all direct, consequential, and compensatory damages in an amount to be proven at trial;

3.  That Apple recover from Defendants extra-contractual damages, including without limitation, compensatory and consequential damages in an amount to be proven at trial flowing from Defendants' unreasonable and bad-faith refusals to accept a settlement within Apple's policy limits;

4.  That the Court award Apple all pre-judgment and post-judgment interest at the maximum allowable rate;

5.  That the Court award Apple its costs and expenses, including but not limited to its attorneys' fees in bringing and pursuing this action;

6.  That the Court award Apple its attorneys' fees and claim expenses that have previously been incurred, and continue to be incurred, in its efforts to obtain the benefits due under the Excess Policies and that Defendants wrongfully and unreasonably withheld, and are withholding, in bad faith, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985);

7.  That Apple recover from Defendants punitive damages in an amount to be proven at trial as a result of Defendants' wrongful, unreasonable, and bad-faith conduct;

8.  That the Court issue a declaration that Defendants are obligated to indemnify Apple for the settlement, and further settlements that exceed the underlying insurance policy limits; and

9.  That the Court award Apple any other further relief to which it is entitled.

## DEMAND FOR JURY TRIAL

Apple hereby demands a trial by jury as to all issues so triable.


Dated: May 21, 2024                    PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____
    ROBERT L. WALLAN
    COLIN T. KEMP
    LISSETH OCHOA-CHAVARRIA
    OLIVIA WILLIAMS

    Attorneys for Plaintiff
    APPLE INC.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert L. Wallan #126480<br>Pillsbury Winthrop Shaw Pittman LLP<br>725 S. Figueroa Street, 36th Floor, Los Angeles, CA 900017<br>TELEPHONE NO.: (213) 488-7100   FAX NO.: (213) 629-1033<br>EMAIL ADDRESS: robert.wallan@pillsburylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Apple Inc. | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 5/21/2024 3:20 PM<br>Reviewed By: L. Ayala<br>Case #24CV439526<br>Envelope: 15402693** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
STREET ADDRESS: 161 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Old Courthouse

CASE NAME: Apple Inc. v. Starr Surplus Lines Insurance Company, et al.

| **CIVIL CASE COVER SHEET**<br>☒ Unlimited (Amount demanded exceeds $35,000) ☐ Limited (Amount demanded is $35,000 or less) | **Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>24CV439526 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☒ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☒ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☒ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify)*: 3
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 21, 2024

Robert L. Wallan
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA  95113-1090

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/28/2024 10:56 AM
Reviewed By: R. Walker
Case #24CV439526
Envelope: 15456205

TO:     FILE COPY

RE:              **Apple Inc. v. Starr Surplus Lines Insurance Company, et al.**
CASE NUMBER:     **24CV439526**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
## AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by Plaintiff **Apple Inc.** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **May 21, 2024** and assigned to Department **7** (Complex Civil Litigation), the **Honorable Charles F. Adams** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **7** (Complex Civil Litigation), the **Honorable Charles F. Adams** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Apple Inc.**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **October 17, 2024 at 2:30 p.m. in Department 7** and all counsel are ordered to attend.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

-----
Updated on 3/11/21.

1

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;

2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;

3. significant procedural and practical problems that may likely be encountered;

4. suggestions for efficient management, including a proposed timeline of key events; and

5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: _5/23/2024 4:39:26 PM_

**Hon. Charles F. Adams**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

-----
Updated on 3/11/21.

2

# CORRECTED

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
*191 North First St., San José, CA 95113*

# 24CV439526

CASE NUMBER: _____

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: Hon. Charles F. Adams          Department: 7

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: 10/17/24          Time: 2:30pm          In Department: 7

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____     Time: _____     In Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---