UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE, INC.,

        Plaintiff,

    v.

STARR SURPLUS LINES INSURANCE COMPANY, et al.,

        Defendants.

Case No. 24-cv-03738-RFL   (LJC)

**ORDER REGARDING DISCOVERY DISPUTE**

Re: Dkt. No. 103

Having reviewed the parties' Joint Discovery Letter, ECF No. 103, the accompanying record, the allegations in the Second Amended Complaint, and relevant authorities, including *Colonial Life & Accident Ins. Co. v. Superior Ct.*, 31 Cal. 3d 785, 791 (1982), the undersigned finds that Apple has sufficiently established that the information that it seeks is relevant to its claim that Endurance American Specialty Insurance Company ("Endurance") breached its duty of good faith and fair dealing through various alleged settlement practices.  The discovery requests, however, appear in the aggregate to be disproportionate to the needs of the case and unduly burdensome in light of the declaration provided by Endurance's declarant, ECF No. 103-3.  The undersigned orders the following to partially resolve the dispute, collect more about the volume of potentially discoverable information, and give the parties a renewed opportunity to resolve their discovery disputes on their own.

First, Endurance shall produce the six Harvest Festival claims files by February 20, 2026.  There are sufficient parallels between the Astroworld Concert and Harvest Festival to warrant discovery in to how these claims were managed and settled.  *See Colonial*, 31 Cal. 3d at 791 (the knowing commission of an unfair claim settlement practice may be established through circumstantial evidence, including evidence of how other insured's claims were negotiated).

Second, by February 20, 2026, Endurance shall identify how many unique claims files it has that involve all of the following four criteria: (1) personal injury or wrongful death (rather than property) claims, (2) concerts, sporting events, or other mass-audience events, (3) from 2021 onward, **and** (4) where Endurance and the insured had a coverage dispute, such as a dispute over reasonableness or exhaustion, or refusal to contribute to a settlement.  Of the claims files that meet all four criteria, Endurance shall identify (1) how many claims files involve actions resulting in a settlement, verdict or judgment that exceeded $10 million (regardless of the amount, if any, Endurance paid), and, **separately**, (2) how many claims files involve Endurance making payments for over $10 million.

Third, on February 26, 2026 at 1:00 pm Endurance and Apple shall meet and confer in person in Courtroom G to address what remains of this discovery dispute unless the dispute has already been resolved by agreement.  Any such agreement shall be memorialized with a stipulation filed on the case docket for the undersigned's review before February 26, 2026.

**IT IS SO ORDERED.**

Dated: February 9, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

2